At the February term, 1851, of the court of common pitas of Huron county, the plaintiff in error was indicted for an ^assault and battery upon one Caroline Rose, with an intent to commit a rape upon the person of the said Caroline. To this indictment the accused pleaded not guilty. ' The case was tried by a jury, who returned a verdict of guilty against the plaintiff in error, as charged in the indictment.
The plaintiff -in error then moved the court for a new trial, which motion was overruled, and judgment was announced in, pursuance of law.
To the opinion of the court overruling the motion for a new trial, the plaintiff in error excepted, and his bill of exceptions was signed by the judges of the court, and made part of the record.
The errors assigned are: That the court overruled the motion for a new trial; and the court erred in proceeding with the trial, charging the jury, and receiving the verdict of the jury, while the *29 jurisdiction conferred upon it by the act of February 7,1831, “ to organize the judicial courts,” Swan’s Stat. 222; and the act of February 7, 1831, “directing the mode of trial in criminal cases.” Swan’s Stat. 724.
Error to the Supreme Court of Hamilton county.
The plaintiff in error was indicted in the court of common pleas of Hamilton county, at the July term, 1849, for the *murder of John Brasher. The indictment contained but one count, and the charge was murder in the first degree. The plaintiff in error elected to be tried in the Supreme Court, to which court the indictment and other papers in the case were certified pursuant to the statute.
At the May term, 1850, of the Supreme Court, the case was submitted to .a jury, and by the jury the accused was found guilty of murder in the second degree; whereupon the then defendant, now plaintiff in error, moved the court for a now trial, and assigned the following reasons:
1. That the court erred in refusing to'charge the jury that a constable or watchman of the city of Cincinnati has no authoi’ity to arrest a person, except on actual viow or commission of an offense, or to preserve the peace, without a warrant legally issued, authorizing such arrest; and the judges being equally divided in opinion as to the law in such case, refused to charge on that point.
2. The court erred in not directing the jury that a difference in opinion between the judges composing the Supreme Court, upon a principle of law necessary to be decided in the determination of the guilt or innocence of the accused, created a reasonable doubt to be construed in the prisoner’s favor.
3. The court ei'red in permitting the prosecuting attorney to comment upon and denounce the character of the accused as corrupt, vicious, and criminal, when said accused had not put his character at issue.
4. The court erred in permitting persons to testify as witnesses who were entitled to a reward upon the condition that the accused should be convicted.
5. The verdict of the jury was not warranted by the evidence.
This motion was overruled by the court, and the prisoner was sentenced to imprisonment in the penitentiary, pursuant to law. Thereupon the then defendant excepted to the opinion of the *30 present in court during his trial, so that he may be said to have a constitutional right to be present.
Again, an accused person, when a verdict of guilty is returned against him, has a right to have the jury-polled. This privilege is never in this state denied in a criminal case, although it is a matter of discretion with the court whether it shall or shall not bo allowed in a civil case. Of this privilege the accused poi’son is deprived unless present when the verdict is returned. We conceive it to be the right of an accused person to be present during the trial of his case, and at the return of the verdict, and we think that when deprived of these privileges by being imprisoned in a jail, or in any other improper manner, the verdict returned against him should not be followed *by judgment or sentence of the court, but a new trial should be ordered if requested.
These rights may be waived by the accused person, if he think proper, but whether they can be waived by his counsel is matter of doubt. But, certainly, the fact that his counsel are present in court during the trial, and at the return of the verdict, and do not raise any objection on account of his absence, does not amount to a waiver.
The court of common pleas erred in not granting a new trial, for which error the judgment is reversed, and the case remanded for a new trial.