## MISSOURI PACIFIC RAILWAY COMPANY *v.* MACKEY.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 218.   Argued April 12, 1888. — Decided April 23, 1888.

The statute of Kansas of 1874, c. 93, § 1, p. 143, Comp. Laws Kansas, 1881, p. 784, which provides that "Every railroad company organized or doing business in this State shall be liable for all damages done to any employé of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers, or other employés, to any person

sustaining such damage," does not deprive a railroad company of its property without due process of law; and does not deny to it the equal protection of the laws; and is not in conflict with the Fourteenth Amendment to the Constitution of the United States in either of these respects.

THE case, as stated by the court, was as follows:

In 1882, the defendant below, the Missouri Pacific Railway Company, a corporation created under the laws of Kansas, operated lines of railway in the latter State. It also had control of two track-yards adjacent to the city of Atchison, designated respectively as the upper and lower yard, and it used two switch-engines in moving cars from one yard to the other. On the 11th of February of that year the plaintiff was in the service of the company as a fireman on one of these engines employed in transferring cars from one point to another in the upper yard, when it was run into by the other engine, owing to the negligence of the engineer of the latter. By the collision the right foot and leg of the plaintiff were so crushed as to necessitate amputation. For the damages thus sustained the present action was brought in a district court of the State. On the trial the defendant requested the court to instruct the jury, that if they found from the evidence that the plaintiff was injured through the carelessness of a fellow-servant he could not recover; which instruction was refused, and the defendant excepted. The court charged the jury as follows:

"At the common law a master or employé could not be held liable for an injury sustained by one servant by reason of the mere negligence of a fellow-servant engaged in the same common employment, the negligence of the fellow-servant not being deemed in such case the negligence of the master, and such was the law of this State up to 1874; but at that time this rule of the common law was abrogated, so far as it related to railroad companies and their employés in this State, by a statute which reads as follows:

" ' Every railroad company organized or doing business in this State shall be liable for all damages done to any employé of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employés to any person sustaining such damage.'

"This enactment so far modifies and changes the common law that a servant or employé of a railroad company may maintain an action against such railroad company for an injury received while in the line of his employment through the negligence of a fellow-servant or employé engaged with him in the same common work of the master or employer, unless such injured servant or employé has himself been guilty of negligence or want of ordinary care which has directly contributed to produce the injury complained of.".

To this charge the defendant excepted. The jury found a verdict for the plaintiff for $12,000, upon which judgment was entered. On appeal to the Supreme Court of the State the judgment was affirmed; and to review the latter judgment the case is brought here.

*Mr. John F. Dillon*, with whom was *Mr. Winslow S. Pierce, Jr.*, on the brief, for plaintiff in error.

*Mr. Thomas P. Fenlon*, for defendant in error. *Mr. John C. Tomlinson* was with him on the brief.

MR. JUSTICE FIELD, after stating the case, delivered the opinion of the court.

At the trial, and in the Supreme Court of the State, it was contended by the defendant, and the contention is renewed here, that the law of Kansas of 1874 is in conflict with the Fourteenth Amendment of the Constitution of the United States, in that it deprives the company of its property without due process of law, and denies to it the equal protection of the laws.

In support of the first position the company calls the attention of the court to the rule of law exempting from liability an employer for injuries to employés caused by the negligence or incompetency of a fellow-servant, which prevailed in Kansas and in several other States previous to the act of 1874, unless he had employed such negligent or incompetent servant without reasonable inquiry as to his qualifications, or had retained him after knowledge of his negligence or incompe-

tency. The rule of law is conceded where the person injured, and the one by whose negligence or incompetency the injury is caused, are fellow-servants in the same common employment, and acting under the same immediate direction. *Chicago and Milwaukee Railway* v. *Ross*, 112 U. S. 377, 389. Assuming that this rule would apply to the case presented but for the law of Kansas of 1874, the contention of the company, as we understand it, is that that law imposes upon railroad companies a liability not previously existing, in the enforcement of which their property may be taken; and thus authorizes, in such cases, the taking of property without due process of law, in violation of the 14th Amendment. The plain answer to this contention is, that the liability imposed by the law of 1874 arises only for injuries subsequently committed; it has no application to past injuries, and it cannot be successfully contended that the State may not prescribe the liabilities under which corporations created by its laws shall conduct their business in the future, where no limitation is placed upon its power in this respect by their charters. Legislation to this effect is found in the statute books of every State. The hardship or injustice of the law of Kansas of 1874, if there be any, must be relieved by legislative enactment. The only question for our examination, as the law of 1874 is presented to us in this case, is whether it is in conflict with clauses of the Fourteenth Amendment. The supposed hardship and injustice consist in imputing liability to the company, where no personal wrong or negligence is chargeable to it or to its directors. But the same hardship and injustice, if there be any, exist when the company, without any wrong or negligence on its part, is charged for injuries to passengers. Whatever care and precaution may be taken in conducting its business or in selecting its servants, if injury happen to the passengers from the negligence or incompetency of the servants, responsibility therefor at once attaches to it. The utmost care on its part will not relieve it from liability, if the passenger injured be himself free from contributory negligence. The law of 1874 extends this doctrine and fixes a like liability upon railroad companies, where injuries are sub-

sequently suffered by employés, though it may be by the negligence or incompetency of a fellow-servant in the same general employment and acting under the same immediate direction. That its passage was within the competency of the legislature we have no doubt.

The objection that the law of 1874 deprives the railroad companies of the equal protection of the laws is even less tenable than the one considered. It seems to rest upon the theory that legislation which is special in its character is necessarily within the constitutional inhibition; but nothing can be further from the fact. The greater part of all legislation is special, either in the objects sought to be attained by it, or in the extent of its application. Laws for the improvement of municipalities, the opening and widening of particular streets, the introduction of water and gas, and other arrangements for the safety and convenience of their inhabitants, and laws for the irrigation and drainage of particular lands, for the construction of levees and the bridging of navigable rivers, are instances of this kind. Such legislation does not infringe upon the clause of the Fourteenth Amendment requiring equal protection of the laws, because it is special in its character; if in conflict at all with that clause, it must be on other grounds. And when legislation applies to particular bodies or associations, imposing upon them additional liabilities, it is not open to the objection that it denies to them the equal protection of the laws, if all persons brought under its influence are treated alike under the same conditions. A law giving to mechanics a lien on buildings constructed or repaired by them, for the amount of their work, and a law requiring railroad corporations to erect and maintain fences along their roads, separating them from land of adjoining proprietors so as to keep cattle off their tracks, are instances of this kind. Such legislation is not obnoxious to the last clause of the Fourteenth Amendment, if all persons subject to it are treated alike under similar circumstances and conditions in respect both of the privileges conferred and the liabilities imposed. It is conceded that corporations are persons within the meaning of the amendment. *Santa Clara County* v. *Southern Pacific Rail-*

*road Company,* 118 U. S. 394; *Pembina Consolidated Silver Mining and Milling Co.* v. *Pennsylvania,* 125 U. S. 187. But the hazardous character of the business of operating a railway would seem to call for special legislation with respect to railroad corporations, having for its object the protection of their employés as well as the safety of the public. The business of other corporations is not subject to similar dangers to their employés, and no objections, therefore, can be made to the legislation on the ground of its making an unjust discrimination. It meets a particular necessity, and all railroad corporations are, without distinction, made subject to the same liabilities. As said by the court below, it is simply a question of legislative discretion whether the same liabilities shall be applied to carriers by canal and stage coaches and to persons and corporations using steam in manufactories. See *Missouri Pacific Railway Co.* v. *Humes,* 115 U. S. 512, 523; *Barbier* v. *Connolly,* 113 U. S. 27; *Soon Hing* v. *Crowley,* 113 U. S. 703.

*Judgment affirmed.*