## MINNEAPOLIS AND ST. LOUIS RAILWAY COMPANY v. HERRICK.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 202.   Argued April 2, 3, 1888. — Decided April 23, 1888.

This case is affirmed on the authority of *Missouri Pacific Railway Co.* v. *Mackey, ante,* 205.

THE case is stated in the opinion.

*Mr. C. K. Davis* for plaintiff in error.

*Mr. Edward J. Hill* for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

The defendant is a corporation created under the laws of Minnesota, and in December, 1881, it operated a railroad ex-

tending from Minneapolis, in that State, to Fort Dodge, in Iowa. A law of Iowa, then in force, provides that "every corporation operating a railway shall be liable for all damages sustained by any person, including employés of such corporation, in consequence of the neglect of agents, or by any mismanagement of the engineers or other employés of the corporation, and in consequence of the wilful wrongs, whether of commission or omission, of such agents, engineers, or other employés, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be employed, and no contract which restricts such liability shall be legal or binding."

On the 6th of December, 1881, the plaintiff was employed by the defendant as a brakeman on one of its cars, and on that day, in Webster, in Iowa, it became his duty to make a coupling of an engine and a freight car. The engine was in charge of one of its employés, an engineer, and whilst the plaintiff was making the coupling the engine was, by the negligence and mismanagement of the engineer, driven against the car, causing severe and permanent injuries to the plaintiff. To recover damages for the injuries thus sustained he brought this action in a District Court of Minnesota, relying upon the law of Iowa quoted above. The defendant in its answer alleged, and on the trial contended, that this law was abrogated by that provision of the Fourteenth Amendment to the Constitution of the United States, which declares that no State shall deprive any person of property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws. The District Court held the law to be in full force, and that under it the railroad company was responsible to the plaintiff for the injuries sustained by him through the negligence of the engineer. The plaintiff accordingly recovered a verdict for two thousand dollars, upon which judgment was entered. Upon appeal to the State Supreme Court the judgment was affirmed, and to review that judgment the case is brought here.

We have just decided the case of *Missouri Pacific Railway Co.* v. *Mackey, ante,* 205, where similar objections were raised

to a law of Kansas, which on the point here involved is not essentially different from the law of Iowa, namely, in imposing liabilities upon railroad companies for injuries to employés in its service, though caused by the negligence or incompetency of a fellow-servant, and we held that the law was not in conflict with the clauses referred to in the Fourteenth Amendment. On the authority of that case the judgment in the present one must be

*Affirmed.*