# CHICAGO, KANSAS AND WESTERN RAILROAD COMPANY *v.* PONTIUS.

ERROR TO THE SUPREME COURT OF THE STATE OF KANSAS.

No. 716. Submitted March 4, 1895. — Decided March 18, 1896.

A bridge carpenter, employed by a railroad company who is injured through the negligence of employés of the company while assisting in unloading lumber, taken from an old bridge, on a car for transportation over the road, is an employé of the company within the meaning of § 93, c 23, of the General Statutes of Kansas which makes railroad companies in that State liable to its employés for damage done them through the negligence of its agents or the mismanagement of its employés.

MOTION to dismiss or affirm.

Pontius brought an action against the railroad company in the District Court of Dickinson County, Kansas, to recover for injuries sustained by him while in the employment of the company, and obtained judgment for $2000. The case was taken on error to the Supreme Court of the State and the judgment affirmed, whereupon a writ of error was allowed from this court, and, the cause having been docketed, a motion to dismiss the writ or affirm the judgment was submitted.

In the opinion of the Supreme Court of Kansas, reported 52 Kansas, 264, the case is stated thus: "Clifford R. Pontius was employed by the defendant company as a bridge carpenter and worked in that capacity at various points on the line of defendant's road. A bridge was constructed across the Verdigris River, in Greenwood County. The false work used for support in its construction was taken down, and the timbers of which it was composed were hoisted and loaded into cars on the bridge to be transported to some other point on defendant's

road.   The timbers were muddy and slippery.   The mode of
hoisting them was to attach a rope or chain to the timbers,
and to raise them by means of a pile driver.   When a stick
was raised to a sufficient height, a rope was thrown around
the lower end of it, and a number of men, of whom plain-
tiff was one, would pull it out on the car.   A chain had
been used on the end of the rope to hold timbers which
were being hoisted, and several pieces had been raised in
that way.   The chain, however, was thrown aside, and one
piece was raised with the rope.   When the men undertook to
pull it back on the car, the rope slipped off, the timber fell
and caused the injury, for which the plaintiff sues."

*Mr. John H. Mahan* for the motion to dismiss or affirm.

*Mr. George R. Peck, Mr. A. T. Britton,* and *Mr. A. B.
Browne* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered
the opinion of the court.

Section 93, chapter 23, of the General Statutes of Kansas,
(Gen. Stat. Kas. 1889, vol. 1, p. 415,) provides : "Every rail-
road company organized or doing business in this State shall
be liable for all damages done to any employé of such com-
pany in consequence of any negligence of its agents, or by any
mismanagement of its engineers or other employés to any
persons sustaining such damage."

In *Mo. Pac. Railway Co.* v. *Mackey,* 33 Kansas, 298, the
validity of this law was drawn in question on the ground of
repugnancy to the Constitution of the United States and its
validity sustained.   The case was brought here on error and the
judgment of the state court affirmed.   *Mo. Pac. Railway Co.*
v. *Mackey,* 127 U. S. 205.   As to the objection that the law
deprived railroad companies of the equal protection of the
laws, and so infringed the Fourteenth Amendment, this court
held that legislation which was special in its character was
not necessarily within the constitutional inhibition, if the same
rule was applied under the same circumstances and conditions ;

that the hazardous character of the business of operating a railroad seemed to call for special legislation with respect to railroad corporations, having for its object the protection of their employés as well as the safety of the public; that the business of other corporations was not subject to similar dangers to their employés, and that such legislation could not be objected to on the ground of making an unjust discrimination since it met a particular necessity and all railroad corporations were, without distinction, made subject to the same liabilities.

It is now contended that the plaintiff was a bridge builder; that the legislation only applied to employés exposed to the peculiar hazards incident to the use and operation of railroads; that the railroad company could not be subjected to any greater liability to its employés who were engaged in building its bridges than any other private individual or corporation engaged in the same business ; and that the statute had been so construed in this case as to make the company liable to its employés when engaged in building its bridges, notwithstanding bridge building was not accompanied, and had not been treated by legislation as accompanied, by peculiar perils, thus discriminating against the particular corporation irrespective of the character of the employment, in contravention of the Fourteenth Amendment.

But the difficulty with this argument is that the state Supreme Court found upon the facts that, although the plaintiff's general employment was that of a bridge carpenter, he was engaged at the time the accident occurred, not in building a bridge but in loading timbers on a car for transportation over the line of defendant's road ; and *Missouri Pacific Co.* v. *Haley*, 25 Kansas, 35; *Union Pacific Railway* v. *Harris*, 33 Kansas, 416 ; and *Atchison, Topeka &c. Railroad Co.* v. *Koehler*, 37 Kansas, 463, were cited, in which cases it was held that a person employed upon a construction train to carry water for the men working with the train, and to gather up tools and put them in the caboose or tool car; a section man employed by a railroad company to repair its roadbed and to take up old rails out of its track and put in new ones;

and a person injured while loading rails on a car to be taken to other portions of the company's road, were all within the provisions of the act in question; and the court said: "In this case the plaintiff was injured while on a car assisting in loading timbers to be transported over the defendant's road to some other point. The mere fact that the plaintiff's regular employment was as a bridge carpenter does not affect the case, nor does it matter that the road was newly constructed, nor whether it was in regular operation or not. The injury happened to the plaintiff while he was engaged in labor directly connected with the operation of the road, and the statute applies even though it should be given the construction counsel places on it." And see *Chicago, Rock Island & Pacific Railway Co. v. Stahley,* 62 Fed. Rep. 363.

We concur in this view and the judgment is accordingly

*Affirmed.*