# TULLIS *v.* LAKE ERIE AND WESTERN RAIL-ROAD COMPANY.

## CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 71. Argued and submitted October 26, 27, 1899.—Decided December 11, 1899.

The following provisions in the first section of the act of the legislature of Indiana approved by the Governor of that State on the 4th day of March, 1893, viz.: "That every railroad or other corporation, except municipal, operating in this State, shall be liable for damages for personal injury suffered by any employé while in its service, the employé so injured being in the exercise of due care and diligence, in the following cases: *First.* When such injury is suffered by reason of any defect in the condition of ways, works, plant, tools and machinery connected with, or in use in the business of such corporation, when such defect was the result of negligence on the part of the corporation, or some person entrusted by it with the duty of keeping such way, works, plant, tools or machinery in proper condition: *Second.* Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employé at the time of the injury was bound to conform, and did conform: *Third.* Where such injury resulted from the act or omission of any person done or made in obedience to any rule, regulation or by-law of such corporation, or in obedience to the particular instructions given by any person delegated with the authority of the corporation in that behalf: *Fourth.* Where such injury was caused by the negligence of any person in the service of such corporation who has charge of any signal, telegraph office, switch yard, shop, round house, locomotive engine or train upon a railway, or where such injury was caused by the negligence of any person, coemployé or fellow servant engaged in the same common service in any of the several departments of the service of any such corporation, the said person, coemployé or fellow servant at the time acting in the place and performing the duty of the corporation in that behalf, and the person so injured obeying or conforming to the order of some superior at the time of such injury, having the authority to direct; that nothing herein shall be construed to abridge the liability of the corporation under existing laws," as they are construed and applied by the Supreme Court of that State, are not invalid, and do not violate the Fourteenth Amendment to the Constitution of the United States.

This case came to this court on the following certificate of the United States Circuit Court of Appeals for the Seventh Circuit:

" In this case, duly argued and submitted to this court, there arises a question of law concerning which this court desires the instruction of the Supreme Court of the United States. The action was brought by the plaintiff in error to recover damages for an injury suffered while in the employment of the defendant in error, caused by a negligent act of a fellow servant, for which the defendant in error is alleged to be responsible by force of an act of the legislature of Indiana approved by the Governor of the State March 4, 1893. The first section of the act reads as follows:

" ' 1.  That every railroad or other corporation, except municipal, operating in this State, shall be liable in damages for personal injury suffered by any employé while in its service, the employé so injured being in the exercise of due care and diligence, in the following cases:

" ' First.  When such injury is suffered by reason of any defect in the condition of ways, works, plant, tools and machinery connected with or in use in the business of such corporation, when such defect was the result of negligence on the part of the corporation, or some person entrusted by it with the duty of keeping such way, works, plant, tools or machinery in proper condition.

" ' Second.  Where such injury resulted from the negligence of any person in the service of such corporation, to whose order or direction the injured employé at the time of the injury was bound to conform, and did conform.

" ' Third.  Where such injury resulted from the act or omission of any person done or made in obedience to any rule, regulation or by-law of such corporation, or in obedience to the particular instructions given by any person delegated with the authority of the corporation in that behalf.

" ' Fourth.  Where such injury was caused by the negligence of any person in the service of such corporation who has charge of any signal, telegraph office, switch yard, shop, round house, locomotive engine or train upon a railway, or where such injury was caused by the negligence of any person, coemployé, or fellow servant engaged in the same common service in any of the several departments of the

service of any such corporation, the said person, coemployé or fellow servant, at the time acting in the place, and performing the duty of the corporation in that behalf, and the person so injured, obeying or conforming to the order of some superior at the time of such injury, having the authority to direct; but nothing herein shall be construed to abridge the liability of the corporation under existing laws.'

" For the entire act reference is made to Session Laws of 1893, page 294, Burns' Annotated Indiana Statutes, Revision of 1894, paragraphs 7083 to 7087, inclusive.

" The Lake Erie and Western Railroad Company is a corporation of the State of Illinois owning and operating a railroad extending from Peoria, Illinois, into and through the State of Indiana. It is contended that the statute referred to is invalid because inconsistent with the Fourteenth Amendment of the Constitution of the United States. If it be invalid the declaration shows no cause of action, and the errors alleged to have been committed at the trial become immaterial. The opinion of this court is that material error was committed at the trial for which the judgment below should be reversed if the statute mentioned is valid, and that if the statute mentioned is invalid the judgment should be affirmed. The question whether that statute is valid or violates the Fourteenth Amendment of the Constitution of the United States the court hereby orders certified and submitted to the Supreme Court of the United States for its proper decision."

*Mr. W. H. H. Miller* for Lake Erie & Western Railroad. *Mr. J. B. Elam* and *Mr. J. B. Cockrum* were on his brief.

*Mr. Addison C. Harris,* for Tullis, submitted on his brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The contention is that the act referred to is in conflict with the Fourteenth Amendment because it denies the equal protection of the laws to the corporations to which it is applicable.

In *Pittsburgh &c. Railroad Company* v. *Montgomery*, 152 Indiana, 1, the statute in question was held valid as to railroad companies, and it was also held that objection to its validity could not be made by such companies on the ground that it embraced all corporations except municipal, and that there were some corporations whose business would not bring them within the reason of the classification. In announcing the latter conclusion the court ruled in effect that the act was capable of severance ; that its relation to railroad corporations was not essentially and inseparably connected in substance with its relation to other corporations ; and that, therefore, whether it was constitutional or not as to other corporations, it might be sustained as to railroad corporations.

In *Leep* v. *Railway Company*, 58 Arkansas, 407, and *St. Louis, Iron Mountain &c. Railway* v. *Paul*, 64 Arkansas, 83, an act of Arkansas of March 25, 1889, was held unconstitutional by the Supreme Court of that State so far as affecting natural persons, and sustained in respect of corporations ; and in *St. Louis, Iron Mountain &c. Railway* v. *Paul*, 173 U. S. 404, that view of the act was accepted by this court because that court had so decided.

Considering this statute as applying to railroad corporations only, we think it cannot be regarded as in conflict with the Fourteenth Amendment. *Missouri Pacific Railway* v. *Mackey*, 127 U. S. 205 ; *Minneapolis & St. Louis Railway* v. *Herrick*, 127 U. S. 210 ; *Chicago, Kansas &c. Railroad* v. *Pontius*, 157 U. S. 209 ; *Peirce* v. *Van Dusen*, 47 U. S. App. 339 ; *Orient Insurance Co.* v. *Daggs*, 172 U. S. 557.

In *Missouri Railway* v. *Mackey*, the validity of a statute of Kansas of 1874 providing that "every railroad company organized or doing business in this State shall be liable for all damages done to any employé of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employés to any person sustaining such damage," was involved, and it was held that it did not deny to railroad companies the equal protection of the laws. Mr. Justice Field said : " The hazardous character of the business of operating a railway would seem to call for

special legislation with respect to railroad corporations, having for its object the protection of their employés as well as the safety of the public. The business of other corporations is not subject to similar dangers to their employés, and no objections, therefore, can be made to the legislation on the ground of its making an unjust discrimination. It meets a particular necessity, and all railroad corporations are, without distinction, made subject to the same liabilities. As said by the court below, it is simply a question of legislative discretion whether the same liability shall be applied to carriers by canal and stage coaches and to persons and corporations using steam in manufactories."

In *Minneapolis &c. Railway* v. *Herrick*, the same conclusion was reached in respect of a law of the State of Iowa, that "every corporation operating a railway shall be liable for all damages sustained by any person, including employés of such corporation, in consequence of the neglect of agents, or by any mismanagement of the engineers or other employés of the corporation, and in consequence of the wilful wrongs, whether commission or omission, of such agents, engineers or other employés, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be employed, and no contract which restricts such liability shall be legal or binding."

In *Chicago &c. Railroad* v. *Pontius*, a bridge carpenter, employed by a railroad company, who was injured through the negligence of employés of the company while assisting in loading timber, taken from the false work used in constructing a bridge, on a car for transportation to another point on the company's road, was held to be an employé of the company within the meaning of the statute of Kansas, and the validity of that act was again affirmed.

In *Peirce* v. *Van Dusen*, a similar statute of the State of Ohio applying to railroad companies was upheld by the Circuit Court of Appeals for the Sixth Circuit, Mr. Justice Harlan delivering the opinion of the court.

In *Orient Insurance Company* v. *Daggs*, in which an act of the State of Missouri in respect of policies of insurance

against loss or damage by fire was drawn in question, the objection that the statute discriminated between fire insurance companies and companies engaged in other kinds of insurance was overruled, and it was said that the power of the State to distinguish, select and classify objects of legislation necessarily had a wide range of discretion; that it was sufficient to satisfy the demands of the Constitution if the classification were practical and not palpably arbitrary, and that the classification of the Missouri statute was not objectionable in view of the differences between fire insurance and other insurance. *Railroad Company* v. *Mackey* and *Railroad Company* v. *Beckwith* were cited and approved. And see *Magoun* v. *Ill. Trust and Savings Bank,* 170 U. S. 283; *Pacific Express Co.* v. *Seibert,* 142 U. S. 339; *Atchison, Topeka &c. Railroad* v. *Matthews,* 174 U. S. 96.

By reason of the particular phraseology of the act under consideration it is earnestly contended that the decisions sustaining the validity of the statutes of Kansas, Iowa and Ohio are not in point, and that this statute of Indiana classified railroad companies arbitrarily by name and not with regard to the nature of the business in which they were engaged, but the Supreme Court of the State in the case cited has held otherwise as to the proper interpretation of the act, and has treated it as practically the same as the statutes of the States referred to. Indeed the Iowa statute is quoted from, and the case of Beckwith, as well as that of Mackey, relied on as decisive in the premises.

As remarked in *Missouri, Kansas &c. Railway* v. *McCann,* 174 U. S. 580, 586, the contention calls on this court to disregard the interpretation given to a state statute by the court of last resort of the State, and, by an adverse construction, to decide that the state law is repugnant to the Constitution of the United States. "But the elementary rule is that this court accepts the interpretation of a statute of a State affixed to it by the court of last resort thereof."

This being an action brought by Tullis to recover damages for an injury suffered while in the employment of the railroad company, caused by the negligent act of a fellow ser-

vant, for which the company was alleged to be responsible by force of the act, we answer the question propounded that

*The statute as construed and applied by the Supreme Court of Indiana is not invalid and does not violate the Fourteenth Amendment to the Constitution of the United States. Certificate accordingly.*