KANE v. ERIE R. CO.

(Circuit Court of Appeals, Sixth Circuit. December 12, 1904.)

No. 1,324.

**1.** CONSTITUTIONAL LAW—CONSTRUCTION OF STATE CONSTITUTION—QUESTION FOR STATE COURT.

The question of validity, under the Constitution of a state, of a state law, is one the determination of which properly belongs to the Supreme Court of that state.

**2.** SAME—PRESUMPTIONS.

Where the constitutionality, under a state Constitution, of a state law, is questioned in a federal court, and the matter has never been determined by the Supreme Court of the state, and its lower courts are divided on the question, the weight of their authority being in favor of the constitutionality of the act, every possible presumption should be indulged in favor of its validity until its invalidity is shown beyond a reasonable doubt.

**3.** MASTER AND SERVANT—INJURIES TO SERVANT—FELLOW SERVANTS.

Prior to the passage of 87 Ohio Laws, p. 150, § 3, a railroad was not responsible to an employé for injuries resulting from the negligence of a fellow servant, except where one employé was put under the control of another, in which case the railroad was liable to the former for injuries caused by the negligence of the latter when both were acting in the common service.

**4.** CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS—PROVISIONS OF STATE CONSTITUTION.

Section 2 of the Bill of Rights of the Constitution of Ohio, providing that all political power is inherent in the people, and that government is instituted for their equal protection and benefit, is not less broad in its scope than the clause of the fourteenth amendment to the federal Constitution, providing that no state shall deny to any person within its jurisdiction the equal protection of the law.

**5. SAME—CLASSIFICATION.**

The General Assembly of a state, in the absence of an applicable prohibition, has power to classify subjects of legislation, conferring rights or imposing burdens on created classes, according to its view of what is just and expedient and will promote the general welfare, subject only to the limitation that there must be a reasonable ground for the classification made.

**6. SAME—BASIS OF CLASSIFICATION.**

A valid classification for legislative purposes must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any just basis. It must be grounded upon a reason of a public nature, and the act must affect all who are within the reason for its enactment.

**7. MASTER AND SERVANT—FELLOW SERVANTS—LEGISLATION—EVASION OF LAW.**

A railroad cannot evade the liability imposed upon it by 87 Ohio Laws, p. 150, § 3, providing that every person in the employ of a railroad, having power or authority to direct or control any other employé, is not the fellow servant, but a superior, of such other employé, and is also the superior of subordinate employés in any other branch of the service, by putting a dummy in nominal charge of every other employé on the train, but in such case the court will look through the evasion in order to determine the real grades of the service.

**8. CONSTITUTIONAL LAW—EQUAL PROTECTION OF LAWS—RAILROAD FELLOW SERVANTS' ACT.**

87 Ohio Laws, p. 150, § 3, which provides that in actions against a railroad for injuries to employés it shall be held, in addition to the liability now existing by law, that every employé having authority to direct any other employé is not a fellow servant, but superior, of such other employé, and also that every person having charge of employés in a separate branch or department shall be held the superior of subordinate employés in any other department, and which merely extends the classification previously made by the Supreme Court, under which a railroad was liable for injuries to an inferior caused by the negligence of a superior acting in the same service, by imposing on the railroad a liability for injuries caused to an inferior in one branch of the service by the negligence of a superior in another branch, is not repugnant to section 2 of the Bill of Rights of the Constitution of Ohio, which provides that all political power is inherent in the people, and government is instituted for their equal protection and benefit.

**9. SAME—POLICY OF LAW.**

The validity of an act passed by the Legislature must be tested alone by the Constitution. Courts have no right or power to nullify a statute upon the ground that it is against natural justice or public policy.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

For opinion below, see 128 Fed. 474.

T. McNamara, Jr., Geo. F. Arrel, and J. P. Wilson, for plaintiff in error.

Cushing & Clarke, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

¶ 8. Who are fellow servants, see notes to Northern Pac. R. Co. v. Smith, 8 C. C. A. 668; Canadian Pac. Ry. Co. v. Johnston, 9 C. C. A. 596; Flippin v. Kimball, 31 C. C. A. 286.

RICHARDS, Circuit Judge. This was a suit to recover damages for the wrongful death of the plaintiff's intestate, a fireman on a switching engine at work in the yards of the defendant company at Niles, Ohio, which resulted from a collision charged to have been due to the negligence of the engineer of another train, also at work in the yards. The suit could not have been maintained under the law as it stood in Ohio prior to the passage of the act of April 2, 1890 (87 Ohio Laws, p. 149), for under that law the negligence relied on was that of a fellow servant, for which the company was not liable. The suit, therefore, was based upon section 3 (page 150) of the act referred to, which reads as follows:

"Sec. 3. That in all actions against the railroad company for personal injury to, or death resulting from personal injury, of any person, while in the employ of such company, arising from the negligence of such company or any of its officers or employés, it shall be held in addition to the liability now existing by law, that every person in the employ of such company, actually having power or authority to direct or control any other employé of such company, is not the fellow servant, but superior of such other employé, also that every person in the employ of such company having charge or control of employés in any separate branch or department, shall be held to be the superior and not fellow servant of employés in any other branch or department who have no power to direct or control in the branch or department in which they are employed."

Several years ago the case was tried and judgment recovered,. which was reversed by this court for reasons stated in the opinion delivered by Judge Cochran, and reported in Erie Railroad Co. v. Kane, 118 Fed. 223, 55 C. C. A. 129. No question was raised at that time as to the constitutionality of the act. We did pass upon its construction, holding that, under the second clause of section 3, an engineer, having control of but a single employé, might be the constructive superior of the fireman of another train having control of none. When the case came on again for trial below, objection to the introduction of any testimony was sustained on the ground, among other things, that the provisions of section 3 relied on violate the Constitution of Ohio. Whether this holding was correct is the question before us now for determination.

We approach the consideration of the validity, under the Constitution of Ohio, of an Ohio law, with some reluctance; for the question is one whose determination properly belongs to the Supreme Court of Ohio. Pelton v. National Bank, 101 U. S. 143, 144, 25 L. Ed. 901. Unfortunately, although the law has been in force for 14 years, and several times before the Supreme Court of Ohio (R. R. Co. v. Margrat, 51 Ohio St. 130, 37 N. E. 11; R. R. v. Erick, 51 Ohio St. 146, 37 N. E. 128; Railway Co. v. Shanower, 70 Ohio St. 166, 71 N. E. 279), the validity of the provisions now assailed has yet to be determined by that tribunal. The lower courts of Ohio are divided on the question, the weight of authority being in favor of the constitutionality of the act. Under these circumstances, the well-settled rule that, where the constitutionality of a law is involved, every possible presumption is in favor of its validity, and continues until the contrary is shown beyond a reasonable doubt, laid down by the Supreme Court of the United States and the Supreme Court of Ohio, is peculiarly applicable. Sinking Fund

Cases, 99 U. S. 700, 718, 25 L. Ed. 496; Railroad Co. v. Clinton Co., 1 Ohio St. 82, 83; State v. Cincinnati, 20 Ohio St. 33; Marmet v. State, 45 Ohio St. 64, 12 N. E. 463; State ex rel. v. Jones, 51 Ohio St. 492, 504, 37 N. E. 945.

Prior to the passage of this act the general rule in Ohio was that a railroad company was not responsible to an employé for injuries resulting from the negligence of a fellow servant, with the qualification, however, that where one employé was put under the control of another the company was liable to the former for injuries caused by the negligence of the latter, when both were acting in the common service. Little Miami R. R. Co. v. Stevens, 20 Ohio, 416; Railroad Co. v. Keary, 3 Ohio St. 201. In the latter case Judge Ranney pointed out that the risk assumed on entering the employment of a railroad company is only that resulting from the carelessness of those engaged in a common employment, and said (page 211): "No service is common that does not admit a common participation, and no servants are fellow servants when one is placed in control over the other." So important was this Ohio rule, rendering a railroad company liable to a subordinate for injuries caused by the negligence of his superior, deemed to be, that it was held in the case of Railway Co. v. Spangler, 44 Ohio St. 471, 8 N. E. 467, 58 Am. St. Rep. 833, that it was not competent for a company to stipulate with its employés that this liability should not attach. It was pointed out that the liability was not created for the protection of the employés simply, but had its reason and foundation in a public necessity and policy. Page 479, 44 Ohio St., page 470, 8 N. E., 58 Am. Rep. 833.

So it appears that, under the Ohio rule as it existed when this act was passed, the relation of the negligent to the injured employé determined the liability of the company. If the negligent employé was in control of the injured one, the company was held liable, because then the two were not deemed fellow servants, engaged in a common employment, but one was regarded as the superior of the other. Recognizing this ground of distinction as existing in Ohio, section 3 not only gives it statutory force, but extends the liability of the company by broadening the class of superiors in the service and narrowing that of fellow servants. It provides that in all actions against the railroad company, for personal injury or wrongful death, it shall be held, "in addition to the liability now existing by law"—

(1) "That every person in the employ of such company, actually having power or authority to direct or control any other employé of such company, is not the fellow servant, but superior, of such other employé;" and,

(2) "Also that every person in the employ of such company having charge or control of employés in any separate branch or department shall be held to be the superior and not fellow servant of employés in any other branch or department who have no power to direct or control in the branch or department in which they are employed."

As said by Judge Davis in the recent case of Railway Co. v. Shanower, 70 Ohio St. 166, 169, 71 N. E. 279, 280:

"It [the act of April 2, 1890] declares that it is intended to add to the liability already recognized by law. It does this in two particulars: First, it

makes obligatory upon the courts of this state the superior servant rule, which was first announced in this court in Little Miami Railroad Co. v. Stevens, 20 Ohio, 415, and which was afterwards approved and followed in a number of other cases in this and other states, although it has been repudiated in many others; second, it creates by force of the statute a relation of superior and subordinate where none exists in fact, and brings it within the operation of the rule mentioned."

The exercise of authority by one employé over another is thus made the test. Any employé who exercises authority over another is "not the fellow servant, but superior," of such other, and every employé who exercises authority over another in his own branch or department is "the superior, and not fellow servant," of an employé in a separate branch or department who exercises no authority there. If the negligent employé is, by virtue of this enactment, the superior, and not fellow servant, of the injured employé, the latter did not assume the risk of his negligence, and the company is responsible.

It is to be observed that the basis of the new classification made by the Legislature is none other than that of the old made by the Supreme Court of Ohio. The class is merely broadened by a logical extension of the rule. Under the old, the company was liable for the negligence of one who exercised authority over the employé injured through his negligence (B. & O. R. R. Co. v. Camp, 65 Fed. 952, 13 C. C. A. 233, 243); under the new, it is liable not only for the negligence of one who exercises authority over the employé injured, but of one who, exercising authority in one branch or department, by his negligence causes the injury of an employé in another who exercises no authority there.

The contention is that the act violates the second section of the Bill of Rights of the Constitution of Ohio, which provides that "all political power is inherent in the people; government is instituted for their equal protection and benefit;" and which, as held in the case of the State ex rel. v. Ferris, 53 Ohio St. 314, 41 N. E. 579, 30 L. R. A. 218, is not less broad than that clause of the fourteenth amendment, which provides that no state shall "deny to any person within its jurisdiction the equal protection of the law." It is strongly urged that the statute, by conferring upon some employés a right to recover which is denied others, unjustly discriminates among those engaged in the same occupation, creating a favored class, and denying to those outside of it the equal protection of the law.

The doctrine is well settled that the General Assembly, in the absence of an applicable prohibition, has power to classify subjects of legislation, conferring rights or imposing burdens on the created classes, according to its views of what is just and expedient and will promote the general welfare, subject only to the limitation that there must be some reasonable ground for the classification made. Wagoner v. Loomis, 37 Ohio St. 571; Adler v. Whitbeck, 44 Ohio St. 539, 9 N. E. 672; State ex rel. v. Jones, 51 Ohio St. 492, 506, 37 N. E. 945; State v. Nelson, 52 Ohio St. 88, 101, 39 N. E. 22, 26 L. R. A. 317; Cincinnati v. Steinkamp, 54 Ohio St. 285, 290, 43 N. E. 490; Hagerty v. State, 55 Ohio St. 613, 45 N. E. 1046; France

v. State, 57 Ohio St. 1, 25, 47 N. E. 1041; State v. Gardner, 58 Ohio St. 599, 606, 51 N. E. 136, 41 L. R. A. 689, 65 Am. St. Rep. 785; State v. Guilbert, 70 Ohio St. 229, 250, 71 N. E. 636; Fidelity & Casualty Co. v. Freeman, 109 Fed. 847, 855, 48 C. C. A. 692, 54 L. R. A. 680; Missouri Ry. Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Minneapolis & St. Louis Ry. Co. v. Herrick, 127 U. S. 210, 8 Sup. Ct. 1176, 32 L. Ed. 109; Minneapolis & St. Louis Ry. Co. v. Beckwith, 129 U. S. 26, 9 Sup. Ct. 207, 32 L. Ed. 585; Chicago, Kansas & Western R. R. Co. v. Pontius, 157 U. S. 209, 15 Sup. Ct. 585, 39 L. Ed. 675; Gulf, Colo. & Santa Fé R. R. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; Orient Insurance Co. v. Daggs, 172 U. S. 557, 19 Sup. Ct. 281, 43 L. Ed. 552; St. Louis, Iron Mountain & Southern Ry. v. Paul, 173 U. S. 404, 19 Sup. Ct. 419, 43 L. Ed. 746; Tullis v. Lake Erie & Western R. R., 175 U. S. 348, 20 Sup. Ct. 136, 44 L. Ed. 192; Billings v. Illinois, 188 U. S. 97, 23 Sup. Ct. 272, 47 L. Ed. 400.

Of the above cases, Missouri Ry. Co. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Minneapolis & St. Louis Ry. Co. v. Herrick, 127 U. S. 210, 8 Sup. Ct. 1176, 32 L. Ed. 109; Chicago, Kansas & Western R. R. v. Pontius, 157 U. S. 209, 15 Sup. Ct. 585, 39 L. Ed. 675; and Tullis v. Lake Erie & Western R. R. Co., 175 U. S. 348, 20 Sup. Ct. 136, 44 L. Ed. 192—sustain the validity of laws either abrogating or modifying the common-law rule of fellow servants as applied to railroad employés.

The sole question in the case, therefore, is whether the exercise of authority in the service affords a reasonable ground for the classification of railroad employés. A valid classification for legislative purposes "must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without any such basis." Gulf, Colo. & Santa Fé R. R. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666; Billings v. Illinois, 188 U. S. 97, 102, 23 Sup. Ct. 272, 47 L. Ed. 400. It must be grounded upon "a reason of a public nature," and "the act must affect all who are within the reason for its enactment." Judge Shauck in Miller v. Crawford, 70 Ohio St. 207, 214, 71 N. E. 631.

The court below based its holding that the act is unconstitutional upon the ground that the classification was wholly arbitrary; that there is no real distinction in the railroad service between an employé who exercises authority and one who does not—for instance, between an engineer and a fireman—yet, under the law, if both, while running a train, were injured through the negligence of the engineer of another train, the fireman, having no one under him, would have a right to recover, while the engineer, being in control of the fireman, would not. The court thought this placed the power of classification in the hands of the company, and suggested that it could substantially relieve itself from all liability by placing on each train a boy who, by its rules, would be in the charge or control of every other employé on the train. As to the

suggestion, obviously the company could do nothing of the kind. By no trick of that sort could it evade the law and escape liability. The court would look through the sham to the real grades of the service. B. & O. R. R. Co. v. Baugh, 149 U. S. 368, 380, 13 Sup. Ct. 914, 37 L. Ed. 772. But passing this, the court in its supposed case lost sight of the positions, relative to one another, occupied in the service by an engineer and a fireman. Under the old law the engineer was deemed the superior, and not the fellow servant, of the fireman if both were on the same engine. Now, this was a reasonable distinction, because the Supreme Court of Ohio itself made it. Is it any less reasonable to say that an engineer is the superior of a fireman, although they are on different engines? This is what the new law says. If the distinction made by the old law is reasonable, why call that made by the new arbitrary?

In each case there was an attempt to define who should be regarded as fellow servants by a process of exclusion. The old law excluded the direct superior of the injured employé; the new excludes in addition the indirect superior. The ground is the same, that they are not in a common service.

Take a practical illustration. A fireman or brakeman may fairly be said to assume the risk of injury through the negligence of another fireman or brakeman. Being acquainted with the work, he can estimate the danger, and not unreasonably may be expected to keep an eye on those engaged in the same work, thus guarding both himself and the company against negligent fellow servants. Is it unreasonable or arbitrary to say that these things are not true of the relation of a fireman or brakeman to an engineer or conductor—to say that the characteristics of a common service are not present, and that those who only carry out the orders of others ought not to be held to have assumed the risk of the negligence of those in authority over them, whose commands they must obey?

On the other hand, why should not the railroad company be held responsible for an injury to a brakeman or fireman, resulting from the negligence of a conductor or engineer, whether in his own branch or department having control over him, or in another branch or department, exercising authority there? May not such a superior be reasonably treated as the representative of the company, in a sense a vice principal, for whose negligence the company is rightly responsible, unless the person injured be a fellow servant of the negligent employé? Finally, looking at the policy of the act, is not the effect of the new rule to make railroad companies especially careful in selecting their superior employés, those who exercise authority, who give commands, and upon whose skill and judgment the safe operation of these highways of commerce largely depends?

The act of April 2, 1890, has been before the Supreme Court of Ohio at least three times (Railroad Co. v. Margrat, 51 Ohio St. 130, 37 N. E. 11; Railroad Co. v. Erick, 51 Ohio St. 146, 37 N. E. 128; Railway Co. v. Shanower, 70 Ohio St. 166, 71 N. E. 279); and before this court twice (Railroad Co. v. Camp, 65 Fed. 952, 13 C. C. A. 233, 243; Peirce v. Van Dusen, 78 Fed. 693, 24 C. C. A. 280). In all these cases, except that of Peirce v. Van Dusen, the constitutionality of the act was

assumed and its construction alone considered. In that case the court passed upon the constitutionality of the act, but only the first clause of section 3 was involved. As to that, Mr. Justice Harlan, who delivered the opinion of the court, said (page 291, 24 C. C. A., page 704, 78 Fed.):

"We think it clear that the Ohio statute is not obnoxious to the constitutional provision requiring all laws of a general nature to have a uniform operation throughout the state. As it applies to all railroad corporations operating railroads within the state, it is, within the meaning of the state Constitution, general in its nature; and, as it applies to all of a given class of railroad employés, it operates uniformly throughout the state."

By the inferior courts of the state the act has been held unconstitutional by the court of common pleas of Ashtabula county, in Maltby v. Railroad Co., 13 Ohio Dec. 280, and by the court of common pleas of Lucas county, in Froelich v. Railroad Co., 13 Ohio Dec. 107; and constitutional by the court of common pleas of Huron county, in Roe v. Railroad Co., 13 Ohio Dec. 260 (affirmed by the circuit court of the Sixth District, 25 Ohio Cir. Ct. R. 628); by the circuit court of the same circuit (overruling the common pleas of Lucas county), in Froelich v. Railway Co., 24 Ohio Cir. Ct. R. 359; and by the circuit court of the Fifth Circuit, in Railway Co. v. Hottman, 25 Ohio Cir. Ct. R. 140. It will be observed that the decided weight of authority is on the side of the constitutionality of the law.

Believing that the Legislature had valid and substantial reasons for extending the Ohio "law of superiors," and that the decided weight of authority in the state is in favor of the constitutionality of the law, we hold that the provisions of section 3 involved in this case do not violate the Constitution of Ohio. Whether the law is open to just criticism as a piece of legislation is of course a matter upon which we can express no opinion. As was said by Judge Burket in Probasco v. Raine, Auditor, 50 Ohio St. 378, 390, 34 N. E. 536:

"The validity of an act passed by the Legislature must be tested alone by the Constitution; the courts have no right or power to nullify a statute upon the ground that it is against natural justice or public policy."

The statute being a valid one, it should have been treated by the court below as applicable in the case presented. Peirce v. Van Dusen, 78 Fed. 693, 24 C. C. A. 230, 284.

The judgment of the lower court is reversed, and the case remanded for proceedings not inconsistent with this opinion.