### TEXAS & N. O. RY. CO. v. YERKES.

(Court of Civil Appeals of Texas. El Paso. April 10, 1913. Rehearing Denied May 8, 1913.)

1. MASTER AND SERVANT (§ 228*)—EMPLOYER'S LIABILITY ACT—CONSTRUCTION.

The Employer's Liability Act (Rev. Civ. St. 1911, arts. 6640–6652) applies to an employé working as a woodworker in railroad shops.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

2. CONSTITUTIONAL LAW (§ 238*) — MASTER AND SERVANT (§ 228*)—EQUAL PROTECTION OF LAW.

Employer's Liability Act (Rev. Civ. St. 1911, arts. 6640–6652), providing that contributory negligence by a railroad employé will not bar a recovery in an injury action against a company, but only diminish the damages sustained in proportion to his negligence, does not violate the equal protection clause of the federal Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688–690, 695, 706–708; Dec. Dig. § 238;* Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

3. COMMERCE (§ 58*)—INTERSTATE COMMERCE—STATE REGULATIONS.

The Employer's Liability Act (Rev. Civ. St. 1911, arts. 6640–6652), providing, among other things, that the contributory negligence of a railroad employé shall not bar recovery, but only diminish the amount of recovery apportionate to the employé's negligence, is not invalid, as obnoxious to the commerce clause of the federal Constitution, because it does not limit its application to intrastate commerce; the statute being merely inoperative, in so far as it applies to interstate commerce, if Congress has acted on the subject.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 77–86, 100; Dec. Dig. § 58.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by S. E. Yerkes against the Texas & New Orleans Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Baker, Botts, Parker & Garwood, Lane, Wolters & Storey, and Wm. A. Vinson, all of Houston, for appellant. John Lovejoy and Presley K. Ewing, both of Houston, for appellee.

HIGGINS, J. Appellee was employed as a woodworker by appellant, a railway corporation, in its shops in the city of Houston, and on June 2, 1911, sustained personal injuries while in the performance of his duties. This action was for damages resulting from such injuries, and upon trial verdict and judgment was rendered in favor of appellee, from which this appeal is prosecuted.

Contributory negligence was pleaded, and the several issues thus raised by the pleadings and evidence were appropriately submitted in the court's charge, applying the provisions of the Employer's Liability Act of this state (Rev. Civ. St. 1911, arts. 6640–6652), which provide that contributory negligence will not bar a recovery, but the damages sustained by the employé shall be diminished in proportion to the amount of negligence attributable to him. It is urged the court erred in applying the provisions of such act, for the following reasons: (1) The Employer's Liability Act of this state applies only to employés suffering injury or death while engaged in operating a railroad, and not to employés killed or injured while working in repair shops, and since the evidence disclosed that appellee was injured while engaged as a woodworker in appellant's shops he was not within the protecting scope of the act. (2) If the act does apply to employés of that class, the same is nevertheless void, because it violates the equal protection · clause of the fourteenth amendment to the federal Constitution; and (3) the act is further assailed as being obnoxious to the commerce clause of the federal Constitution (article 1, § 8, par. 3), which confers upon the national Congress the power to regulate commerce among the several states.

[1] As to the first objection urged, an inspection of the act will disclose that it clearly embraces within the scope of its provisions employés such as appellee. Furthermore, it has been expressly so decided in Railway Co. v. Jenkins, 137 S. W. 711, in which a writ of error was refused.

[2] Inquiry into the question of whether or not the act violates the equal protection clause of the federal Constitution is foreclosed by numerous decisions. Discussion of this question would be fruitless, and we content ourselves with citing the authorities. See Railway Co. v. Jenkins, supra; Railway Co. v. Scott, 143 S. W. 710 (writ of error refused); Railway Co. v. Taylor, 134 S. W. 819; Campbell v. Cook, 86 Tex. 630, 26 S. W. 486, 40 Am. St. Rep. 878; Supreme Lodge, etc., v. Johnson, 98 Tex. 1, 81 S. W. 18; Insurance Co. v. Chowning, 86 Tex. 654, 26 S. W. 982, 24 L. R. A. 504; Railway Co. v. Mackey, 127 U.

S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Railway Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. 136, 55 L. Ed. 78, 32 L. R. A. (N. S.) 226, Ann. Cas. 1912A, 463.

[3] As we understand appellant's position assailing the constitutionality of the act as obnoxious to the commerce clause of the federal Constitution, it is that the state law does not limit its application to the regulation of the business of intrastate commerce, and since it applies equally to interstate commerce the act in so far undertakes to regulate interstate commerce and infringes upon the exclusive legislative jurisdiction delegated to the national Congress by the constitutional provision above noted; that this infringement upon the authority vested in the federal Congress renders the entire act void, as the constitutional portions are so interblended with the unconstitutional parts that they are incapable of separation. In the case of Howard v. Railway Co., 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297, it was held that the original federal Employer's Liability Act applied to intrastate as well as interstate commerce, and, in so far as it applied to intrastate commerce, it exceeded the legislative authority of Congress, and that this unconstitutional feature of the act was so interblended in the statute as to be incapable of separation, and the entire act therefore void. At first glance it would seem that, since our state statute likewise does not limit its operation to intrastate commerce, the same process of reasoning would apply, destroying the validity of the act as a whole. However, as applied to state legislation upon this subject, the same consequence does not follow. The same question was before this court in Freeman v. Swan, 143 S. W. 724 (writ of error refused), and in discussing this question Chief Justice Peticolas said:

"A further contention was stated in argument to this effect: That the federal Employer's Liability Act [Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322)] was held unconstitutional in the case of Howard v. Railroad, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297, because the Supreme Court construed it as undertaking to govern or control, not only cars engaged in interstate commerce, but also those engaged in intrastate commerce, and the point is made that, as the state statute is substantially a copy of that act, it is subject to the same objection, in that it purports to cover cars in every service, those in interstate commerce, as well as those in intrastate commerce. We do not believe the conclusion soundly follows for a number of reasons:

"First. Said state statutes regulating the relation of master and servant are applicable to those engaged in interstate commerce until Congress has acted. Sherlock v. Alling, 93 U. S. 99, 23 L. Ed. 819; M. P. Ry. v. Mackey, 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; Railway v. Herrick, 127 U. S. 210,

8 Sup. Ct. 1176, 32 L. Ed. 109. The state statute, then, even if we construed it as undertaking to cover cars in every service, interstate as well as intrastate, is unquestionably valid, as against this objection, until Congress has acted. When Congress does act, as it has done, the result is simply to limit the application of the state statute to cars in intrastate service.

"Second. It is elementary law that a statute attacked for unconstitutionality will always be sustained as to those portions not clearly unconstitutional, save in the event the unconstitutional portions and the constitutional portions are so intermingled as that they cannot be severed. The very federal Employer's Liability Act which was held unconstitutional, in so far as it purported to regulate intrastate commerce, was yet sustained as to the territories and the District of Columbia. E. P. & N. E. Ry. v. Gutierrez, 215 U. S. 97, 30 Sup. Ct. 21, 54 L. Ed. 107. It is clear that if an act of Congress attempted to regulate intrastate commerce it is necessarily unconstitutional; but it does not at all follow that a state statute, purporting to regulate safety appliances on cars in all services, or the carrier's liability on all railroads, would be unconstitutional, because it might to some extent affect interstate commerce. We are of opinion, therefore, that the statutes attacked are not subject to the objections urged to them."

A like question was presented to the Texarkana Court of Civil Appeals in Railway Co. v. Turner, 138 S. W. 1126, and disposed of in an opinion by Chief Justice Willson as follows: "If it should be conceded that the state statute should be construed as an attempt to regulate interstate commerce, we do not think it should for that reason be held to be invalid, but think it should be held to be merely inoperative, in so far as it affects interstate commerce, while the federal statute remains in force. In the absence of a federal statute covering the subject, the state clearly would have power to cover it by enactments of its own; for the subject is not one over which it can be said the power of Congress is exclusive, in the sense that the states are without power to act with reference to it, notwithstanding inaction with reference thereto on the part of Congress. Covington v. Kentucky, 154 U. S. 209, 14 Sup. Ct. 1087, 38 L. Ed. 962; 7 Cyc. 422. If the federal statute should be repealed and the state statute should not be, clearly on the repeal of the former the latter would become operative. Henderson v. Spofford, 59 N. Y. 131; 7 Cyc. 421; 17 A. & E. Enc. Law (2d Ed.) 55, 57, 59. That such a result would follow under the circumstances stated proves that the state is not without power to enact, though for the time being it is without power to enforce, such a statute." See, also, Central Law Journal, vol. 74, No. 12, page 205.

For the reasons indicated in the authorities next above cited and quoted, we overrule the third objection.

From what has been said, it follows that the court properly refused the special charge embodied in the fourth assignment.

Since preparing the foregoing opinion, our attention is called to an opinion rendered by the Galveston Court of Civil Appeals in Railway Co. v. Bright, 156 S. W. 304, not yet officially reported, in which each of the contentions of appellant herein was adversely decided by that court. We therefore refer to this case as an additional authority in support of the views here expressed.

Affirmed.