STATE v. JIM ELKINS.

(Filed 9 April, 1924.)

1. **Taxation—Trades—Classification—Legislative Discretion—Statutes.**

The Legislature has power to tax trades, etc., and the right of classification is referred largely to the legislative discretion, with the limit that its exercise must not be palpably arbitrary.

2. **Same—Garage—Automobile Repairing.**

Chapter 4, Schedule B, sec. 77, of the Revenue Act of 1923, imposing a license tax on the business of maintaining a garage, defining it to be "any place where they are repaired or stored," includes within its terms one who personally, and without employed assistance, only repairs automobiles for a living on a place on the premises with his own dwelling, and the statute is a valid exercise of the legislative discretion.

APPEAL by defendant from *Calvert, J.,* at January Term, 1924, of NEW HANOVER.

Indictment for violation of section 77, chapter 4, Laws of 1923, imposing license tax on certain trades and professions. The jury rendered a special verdict, finding the facts to be as follows:

"1. That the defendant had a shop back of his home on his own land where he had tools and appliances with which he repaired automobiles for any one who desired the same to be repaired, that he made charges for his services and that he collected for the same.

"2. That the defendant did not charge storage on the cars, but only charged for the repairs that were made, and received compensation for said services.

"3. That the defendant had no other business except repairing automobiles and that he did it for his livelihood.

"4. That the defendant employed no helper, did his own work, and employed no one to assist him.

"5. That the defendant resides and does business in a city having a population of more than 20,000 inhabitants, and was doing this work subsequent to 1 June, A. D. 1923, and has continued since then, and has declined to pay the tax charged under section 77 of the Revenue Law of 1923 for the reason that he believed that it was a tax on his own labor and was in violation of the Constitution.

"Upon the foregoing facts the jury finds that if it was a violation of the law for the defendant to do what he did without paying the license tax then the jury finds him guilty; if it is not a violation of the law then the jury finds him not guilty."

Upon these facts, the court being of opinion that the defendant was guilty as charged, there was verdict of guilty, and the court imposed a fine of $10. Defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Herbert McClammy for the defendant.*

HOKE, J. The tax in question is under Schedule B of the Revenue Act of 1923, ch. 4, imposing license taxes on certain trades and professions; section 77 being on the business of maintaining or operating a garage, and in which a garage is defined as "any place where automobiles are repaired or stored, for which a charge is made."

On the facts established by the special verdict, the defendant's case clearly comes within the statutory provision, and we know of no reason that would justify us in holding the law to be invalid. The power of the Legislature to impose taxes of this general character is undoubted, and the right of classification is referred largely to the Legislature's discretion, with the limit that it must not be palpably arbitrary. *Tullis*

*v. R. R.,* 175 U. S., 348; *Ins. Co. v. Dagg,* 172 U. S., 562; *McGowan v. Savings Bank,* 170 U. S., 286, cited in *Efland v. R. R.,* 146 N. C., 139.

In *S. v. Worth,* 116 N. C., 1007, it is held among other things that the word "trade, when used in defining the power to tax, includes any employment or business for gain or profit." And in the fully considered case of *Smith v. Wilkins,* 164 N. C., 135-148, Associate Justice Allen states as the proper deduction from the authorities on the subject:

"(1) That the plaintiff is engaged in a trade within the meaning of the Constitution.

"(2) That the General Assembly has the power to tax trades.

"(3) That in the exercise of this power the General Assembly is not required to tax all trades, but may tax some and refuse to tax others.

"(4) That the General Assembly has the power to make classifications subject to the limitation that the tax must be equal on those in the same class, and that there must· be some reason for the difference between the classes.

"(5) That it has the power to provide regulations determining the different classes, and that these will not be interfered with unless utterly unreasonable.

"(6) That if the General Assembly has exceeded its power, it is the duty of the courts to so declare, but that every presumption is in favor of the proper exercise of the power of the General Assembly, and the courts will not declare otherwise except in extreme cases and from necessity."

The repairing of automobiles is· not infrequently of such an extent and character that unless the definition, as in this instance, is made to include both repairing and storing of vehicles, it would be at times well· nigh impossible to bring any such business within the effect of a license tax, and on reason and authority, we are of opinion that on the facts presented the defendant has been properly convicted.

No error.