## THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. CLIFFORD R. PONTIUS.

INJURIES TO EMPLOYÉ — *Negligence of Coemployé.* A bridge carpenter, employed by a railroad company in loading timbers on a railroad car for transportation to another point on the company's line, may recover damages from the company under § 93, chapter 23, General Statutes of 1889, for injuries sustained while so employed, occasioned by the negligence of a coemployé. (*U. P. Rly. Co. v. Harris*, 33 Kas. 416; *A. T. & S. F. Rld. Co. v. Koehler*, 37 id. 463.)

*Error from Dickinson District Court.*

CLIFFORD R. PONTIUS was employed by the defendant company as a bridge carpenter, and worked in that capacity at various points on the line of defendant's road. A bridge was constructed across the Verdigris river, in Greenwood county. The false work used for support in its construction was taken down, and the timbers of which it was composed were hoisted and loaded into cars on the bridge, to be transported to some other point on defendant's road. The timbers were muddy and slippery. The mode of hoisting them was to attach a rope or chain to the timbers, and to raise them by means of a pile driver. When a stick was raised to a sufficient height, a rope was thrown around the lower end of it, and a number of men, of whom plaintiff was one, would pull it out on the car. A chain had been used on the end of the rope to hold timbers which were being hoisted, and several pieces had been raised in that way. The chain, however, was thrown aside, and one piece was raised with the rope. When the men undertook to pull it back on the car, the rope slipped off, the timber fell, and caused the injury for which the plaintiff sues. The jury rendered a verdict in favor of the plaintiff for $2,000. Judgment was rendered accordingly. The defendant comes to this court.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error.
*John H. Mahan,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: It is contended by counsel for plaintiff in error that § 93, chapter 23, of the General Statutes of 1889, has no application to this case. The section reads:

"SEC. 93. Every railroad company organized and doing business in this state shall be liable for all damages done to any employé of such company in consequence of any negligence of its agents, or by any mismanagement of its engineers or other employés to any person sustaining such damage."

It is urged that the plaintiff, being employed as a bridge carpenter, was not engaged in the perilous business of operating a railroad; that the only ground on which the statute can be sustained is, that the business of operating railroads is peculiarly perilous, and that the state has the right to impose liability which did not exist at common law, in the exercise of its police power; that the fact that the defendant is a corporation gives the legislature no right to impose on it a liability to which other corporations and private persons are not subjected; that, so far as its terms include employés not subjected to the peculiar hazards attending the operation of a railroad, it is in conflict with the first section of the fourteenth amendment to the constitution of the United States, which reads:

"SECTION 1. All persons born, or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States, and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

It is argued that the plaintiff was a bridge builder; that the legislature has not selected bridge building as a business attended with peculiar hazards, and that a railroad company cannot be subjected to any greater liabilities to its employés who are engaged in building its bridges than any other company or private individual engaged in the same business would rest under.

It is true that the record discloses that the plaintiff's general employment was as a bridge carpenter; but at the time the accident happened he was engaged, not in building a bridge, but in loading timbers on a car, for transportation over the line of defendant's road. In *Mo. Pac. Rly. Co. v. Haley*, 25 Kas. 35, it was held that

"A person employed upon a construction train to carry water for the men working with the train, and to gather up

tools and put them in the caboose or tool car, is within the statute making railroad companies liable to their employés for injuries resulting from the negligence of coemployés."

In the case of *Mo. Pac. Rly. Co. v. Mackey*, 33 Kas. 298, the constitutionality of this law was drawn in question, and this court held it valid. The case was taken to the supreme court of the United States, where the judgment of this court was affirmed, and it was held that this statute "does not deprive a railroad company of its property without due process of law, and does not deny to it the equal protection of the laws, and is not in conflict with the fourteenth amendment to the constitution of the United States in either of these respects." (*Railway Co. v. Mackey*, 127 U. S. 205.)

In *Railway Co. v. Beckwith*, 129 U. S. 26, a provision in the code of Iowa authorizing the recovery of double the value of stock killed or damages caused thereto by a railroad when the injury took place at a point on the road where the corporation had a right to fence it, and failed to do so, was before the court for its consideration, and was attacked on the same constitutional ground as the statute we have under consideration, but the court held it valid.

In *U. P. Rly. Co. v. Harris*, 33 Kas. 416, it was held that a section man employed by a railway company to repair its roadbed, and to take up old rails out of its track and put in new ones, who is injured without his fault by the negligence of his coemployé, by permitting an iron rail intended to be placed in the track to fall upon him, while he is assisting in removing the rail from a push car on the track, is within the terms of § 1, chapter 93, Laws of 1874, and entitled to recover for injuries received through the negligence of a coemployé.

In *A. T. & S. F. Rld. Co. v. Koehler*, 37 Kas. 463, it appeared that plaintiff's intestate received injuries while loading rails on a car to be taken to other portions of the company's road, from which he died, and it was held that

"The character of the employment and services of Koehler at the time of the injury places him within the provisions of

the act which makes railroad companies liable to their employés for damages resulting from the negligent acts of other employés."

These cases are decisive of the one now before us. In the Harris case, the injury was received while unloading rails from a push car to be used in repairing the track, and in the Koehler case the injury was sustained while loading rails to be transported to another part of the line. In this case the plaintiff was injured while on a car assisting in loading timbers to be transported over the defendant's road to some other point. The mere fact that the plaintiff's regular employment was as a bridge carpenter does not affect the case, nor does it matter that the road was newly constructed, nor whether it was in regular operation or not. The injury happened to the defendant while he was engaged in labor directly connected with the operation of the road, and the statute applies even though it should be given the construction counsel places on it. It is wholly unnecessary to comment on the question as to common-law liability, or as to the grade of the employment of the plaintiff's fellow-servant, through whose negligence he was injured, for the liability of the company is the same whether he was a foreman or a superintendent, or merely a colaborer of equal station. There was ample evidence to establish negligence in using the rope to hoist the timber.

Injuries to employe—negligence of coemploye.

Complaint is made of other instructions given by the court, but we perceive no substantial error in them, and our attention is not called to anything we deem worthy of especial mention.

The judgment is affirmed.

All the Justices concurring.