THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. FAYETTE VINCENT.

No. 8028.

1. RAILROAD EMPLOYEE—*Injury*—*Negligence of Fellow Employee.* A crew of section men, consisting of a foreman and two others, were carrying a rail, which weighed about 243 pounds, for the purpose of substituting it for a defective one in the railroad track. The foreman and one of the men supported it on their left shoulders, and the other, who was at the rear end of the rail, supported it upon his right shoulder. When they reached the place where it was to be used, the foreman, who had been in the center, came back and took a position in front of the rear man, for the purpose of relieving him so that he might step aside before the rail was thrown down; and before he had stepped to a place of safety, the foreman gave the word to throw, when the rail was thrown against the leg of the rear man, breaking and otherwise seriously injuring it. *Held,* In an action to recover for the injury, that the foreman was guilty of negligence, and that the character of service in which the injured section man was engaged brings him within the provisions of the statute which makes railroad companies liable to their employees for damages resulting from the negligent acts of other employees.

2. ——— *Contributory Negligence.* The fact that the rail, which was a light one, was carried upon the shoulders of the men instead of upon a hand-car, which was the usual method of transporting rails, does not constitute contributory negligence on the part of the injured section man.

*Error from Rice District Court.*

ACTION by Fayette Vincent against The Atchison, Topeka & Santa Fe Railroad Company to recover damages for bodily injuries. Plaintiff had judgment, which the defendant brings here for reversal. The opinion, filed January 11, 1896, states the material facts.

*A. A. Hurd,* and *J. W. Brinckerhoff,* for plaintiff in error.

*Fred. P. Green,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. : On January 14, 1890, Fayette Vincent, who was a section hand in the service of the Atchison, Topeka & Santa Fe Railroad Company, had his leg broken while repairing a railroad track. He claimed that the injury was the result of the negligence of McCandless, the foreman of the crew, and he brought this action against the company, in which he recovered $3,000 as damages for the injury which he sustained. The only substantial question presented for review is whether there is sufficient testimony to support the recovery.

It appears that there were but three men in the crew, McCandless, the foreman, Oswald, and Vincent. The foreman had received directions to remove a defective rail in the track at Alden and replace it with a sound one. There was a pile of rails of varying lengths near the track, resting on ties, to which some of the rails had been spiked. The ends of the rails were under and against the tool house. Two rails had been taken from the pile to the point where the new rail was needed on a hand car, neither of which was found to be suitable, and then the men returned to the pile of rails and found one determined to be suitable, which was 14 feet long and weighed about 243 pounds. There is testimony that McCandless proposed to carry it on their shoulders. The rail was shoved out, and one end of it was placed on the left shoulder of Oswald, the other end was placed on Vincent's right shoulder, and McCandless then passed to the center of the rail and supported it with his left shoulder. The pile of rails being upon the right of Vincent, he was unable to take a position upon the

right side of the rail and thus place it upon his left shoulder. They carried the rail about 200 yards to the place where it was needed, and upon the way Vincent warned them that he was upon the opposite side of the rail, and when they reached the place where it was to be used, McCandless told Oswald to wait until he went back and relieved Vincent, as Vincent had the rail on his right shoulder. McCandless then went back to the end of the rail, stepped in front of Vincent, and placed his left shoulder under the rail for the purpose of relieving Vincent. Vincent was the taller of the two, and had to stoop to allow the rail to rest on the shoulder of McCandless, and as he did so, and before he had time to get out of the way, McCandless gave the word, "Throw," and it was thrown, and struck Vincent upon the leg, causing a serious injury. The backs of both McCandless and Oswald were toward Vincent, and hence they did not see him at the time the rail was thrown. It is evident that McCandless supposed that Vincent had stepped back to a point of safety before the rail was thrown, and in his testimony he stated that he thought there had been sufficient time for him to get 10 feet away before the word to throw was given; but that he did not give him time to step back is shown by the testimony.

It is contended that Vincent was guilty of contributory negligence because the rail was carried upon their shoulders instead of upon the hand-car, which was the usual method of transporting rails. The testimony is, however, that the rail was carried in that way by the direction of the foreman, and in view of the fact that the rail was a short and a light one it can hardly be regarded as a specially hazardous or negli-

gent method to carry it upon their shoulders. The jury found that the carrying of the rail in that manner was not hazardous nor dangerous.

It is said that if Vincent had carried the rail upon his left shoulder instead of upon his right the accident would not have occurred, but the peculiar situation of the pile of rails from which the one carried was taken sufficiently accounts for placing it upon Vincent's right shoulder. The injury resulted from the precipitate action of the foreman rather than from the manner in which Vincent happened to carry the rail. The foreman was in charge of the work and authorized to give directions as to the method of doing it. He assisted in placing the rail on Vincent's shoulder, and he gave the word to throw before Vincent had reached a place of safety. The dispute in the testimony as to whether there was sufficient time for Vincent to step aside and out of danger after he was relieved from the weight of the rail has been settled by the jury, and, as before stated, there is sufficient testimony to sustain the finding. The service in which Vincent was engaged was performed on the company's road, and, being necessary to its use and operation, places him within the provisions of the act which makes railroad companies liable to their employees for damages resulting from the negligence of a coemployee. (*U. P. Rly. Co. v. Harris,* 33 Kan. 416; *A. T. & S. F. Rld. Co. v. Koehler,* 37 id. 463.)

Objections are made to some of the special findings returned by the jury, but we find nothing in them that betrays partiality or prejudice, nor anything which would justify a reversal.

The judgment will be affirmed.

All the Justices concurring.